Ventura-Duarte v. Bondi

BIA
Menkin, IJ
A201 529 462/463/464

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

ODILI ELIZABETH VENTURA-DUARTE, B. E. L.-V, S. S. L.-V.
> *Petitioners,*

v.                                                          **23-6778**
                                                            **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:** Jon E. Jessen, Law Offices of Jon E. Jessen, LLC, Stamford, CT.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Odili Elizabeth Ventura-Duarte and her two minor children, natives and citizens of El Salvador, seek review of a June 16, 2023, decision of the BIA affirming an August 26, 2019, decision of an Immigration Judge ("IJ") denying Ventura-Duarte's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Ventura-Duarte,* Nos. A 201 529 462/463/464 (B.I.A. June 16, 2023), *aff'g* Nos. A 201 529 462/463/464 (Immig. Ct. N.Y.C. Aug. 26, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] The children were named as derivative beneficiaries of Ventura-Duarte's asylum application and did not file independent applications for relief.

2

We have reviewed the IJ's decision as modified by the BIA, that is, without the alternative grounds for denying asylum and withholding of removal that the BIA declined to reach.[2] *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's "legal conclusions *de novo*, and its factual findings . . . under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (internal quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum and Withholding of Removal

To establish eligibility for asylum and withholding of removal, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (holding that "one central reason" standard applies to both asylum and withholding of removal). General crime and violence in a country is not a ground for asylum and withholding of removal. *See*

---

[2] Accordingly, Ventura-Duarte's arguments regarding other aspects of the IJ's decision are misplaced.

*Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999). Substantial evidence supports the agency's conclusion that Ventura-Duarte failed to establish the required nexus to a protected ground. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). That is, Ventura-Duarte failed to establish that the *reason* her family was persecuted is due to their religion, political opinion, or status as a particular social group.

Ventura-Duarte alleged that gang members twice approached her then-11-year-old son near his school and threatened to harm him and his family when he refused to join their gang. She further testified that the gang approached other students, but that they targeted her son specifically because he was big for his age. And in her application, she wrote that she and her son attended a Christian church together, and that he refused the gang because their family opposes gangs for religious and moral reasons.

Ventura-Duarte argues here that her proffered particular social group of "Christian women" is cognizable, and that the agency overlooked that the reason for her son's resistance to gang recruitment was the family's religious beliefs. But whether viewed as a claim based on religion or one based on a particular social group, Ventura-Duarte did not testify that the gang knew or cared about her (or

her son's) religious beliefs when it threatened them; and nothing in the country conditions evidence suggests that the gangs single out Christians for recruitment or abuse. Absent such evidence, her claim that her son's motivation for rejecting the gang was religious is insufficient to establish the required nexus: "The applicant must . . . show, through direct or circumstantial evidence, that the *persecutor's motive* to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (emphasis added).

Ventura-Duarte further argues that the BIA should have remanded to the IJ in light of the intervening decision in *Matter of L-E-A-*, 28 I. & N. Dec. 304 (A.G. 2021), *vacating* 27 I. & N. Dec. 581 (A.G. 2019), which related to the cognizability of family-based particular social groups. The BIA did not abuse its discretion because it reasonably concluded that the new decision would not change the outcome. *See Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) (motions to remand before BIA are reviewed for abuse of discretion). Even if her son's family members were a cognizable particular social group, Ventura-Duarte did not establish that her membership in that group was a central reason for the gang's threats against her. "[B]ecause membership in the family cannot be a minor, incidental, or tangential reason for the harm, the fact that a persecutor targets a family member

5

simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022) (internal quotation marks omitted). Ventura-Duarte claimed that the gang threatened her as a means to pressure her son, but that they were interested in him because they wanted to expand their ranks, and his size made him an attractive recruit. There is no evidence that animosity toward the family was another central reason for the gang's actions.[3] *See Quituizaca*, 52 F.4th at 114–16 (holding that record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (defining persecution as harm inflicted to "punish" a person "for possessing a belief or characteristic a persecutor sought to overcome"), *overruled on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).

---

[3] Ventura-Duarte also argues that the BIA should have remanded in light of *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), *vacating* 27 I. & N. Dec. 316 (A.G. 2018), *and* 28 I. & N. Dec. 199 (A.G. 2021). There was no abuse of discretion because these cases related to claims based on domestic violence and what is required to show that the government is "unable or unwilling" to control private actors, while the BIA's decision here turned on the absence of a nexus, or connection between the persecution and a protected activity or status.

Ventura-Duarte also alleged persecution based on political opinion, but she has abandoned that protected ground because she does not raise it here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)). In any event, she did not articulate a political opinion at her hearing when asked, and "opposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021).

## II.    CAT

A CAT applicant "bears the burden of proving" she "more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021); *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). To establish acquiescence, the applicant must show that "the public official, prior to the activity constituting torture, [will] have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7); *see*

*Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."); *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007) ("A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene."). In evaluating a CAT claim, the agency considers "all evidence relevant to the possibility of future torture," including past torture, the applicant's ability to relocate to a part of the country where she is not likely to be tortured, and "gross, flagrant or mass violations of human rights within the country of removal." 8 C.F.R. § 1208.16(c)(3).

The record does not compel the conclusion that Ventura-Duarte is more likely than not to be tortured by or with the acquiescence of the government of El Salvador. She testified that the gang threatened her son twice near his school, and included a threat to kill her in the second incident, but they never contacted her or came to her home. These threats were made in the first two weeks of September, the family had no further contact with the gang before leaving the country in early November, the gang did not act on its threats of violence in the intervening period,

8

and there is no evidence that it looked for Ventura-Duarte or her children at any point thereafter. The agency was not required to conclude, on this record, that the gang would continue targeting her family and escalate from threats to torture. *See Quintanilla-Mejia*, 3 F.4th at 592 (explaining that when "the agency's conclusion finds support in record evidence, [a petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion"). Nor was the agency required to find that the threats communicated to her son amounted to past torture of Ventura-Duarte, even if they were particularly upsetting given his young age. *See* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.").

Moreover, Ventura-Duarte did not establish that any future harm would be by or with the acquiescence of the government. She did not allege that she feared harm by a government official directly, she conceded that she did not request police protection because she feared gang retaliation if the police arrested gang members, and the record contained evidence of substantial efforts by the government of El Salvador to curb gangs. *See Quintanilla-Mejia*, 3 F.4th at 593–94

9

(finding that the record did not compel the conclusion that the Salvadoran government would acquiesce to gang torture when the petitioner had not reported a gang's attack on him, and country conditions evidence showed that gang violence persisted—including instances involving police misconduct—but also that the government was taking steps to combat gang violence).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court